**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Marilyn Dupree, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   1:24-cv-7007 |
| | ) | |
| Law Office of Keith S. Shindler, Ltd., | ) | |
| d/b/a Shindler & Joyce, an Illinois | ) | |
| corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Marilyn Dupree, brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt

collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions

occurred here; b) Plaintiff resides here; and c) Defendant resides and transacts

business here.

**PARTIES**

3.      Plaintiff, Marilyn Dupree ("Dupree "), is a citizen of the State of Illinois,

residing in the Northern District of Illinois, from whom Defendant attempted to collect a

defaulted consumer debt, which she allegedly owed to Credit Acceptance Corp.

1

4.      Defendant, Law Office of Keith S. Shindler, Ltd., d/b/a Shindler & Joyce ("Shindler"), is an Illinois corporation and law firm that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the U.S. Mail and/or the telephone or internet and/or lawsuits to collect, or attempt to collect, defaulted consumer debts that it did not originate. Shindler operates a defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Illinois.

5.      Defendant Shindler was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

6.      Defendant Shindler is authorized to conduct business in Illinois, and maintains a registered agent here, see, records from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant conducts business in Illinois.

**FACTUAL ALLEGATIONS**

7.      On January 16, 2020, Ms. Dupree filed a Chapter 13 bankruptcy petition in a matter styled In re: Dupree, N.D.Ill.Bankr. No. 20-01237. Among the debts listed on Schedule E/F of Ms. Dupree's Bankruptcy Petition was a consumer debt (incurred primarily for personal, family or household purposes) that she allegedly owed to Credit Acceptance Corp., for a car loan, see, excerpt of Schedule E/F, attached as Exhibit B.

8.      On June 9, 2020, Ms. Dupree converted her bankruptcy to a Chapter 7 and on June 12, 2020, Credit Acceptance Corp., was sent notice of the bankruptcy, by the Bankruptcy Noticing Center, via electronic transmission, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline, which is attached as Exhibit C.

9.      On September 15, 2020, Ms. Dupree received a discharge of her debts, including the Credit Acceptance Corp., debt, and Credit Acceptance Corp., was sent notice of the discharge, via electronic transmission, by the Bankruptcy Noticing Center on September 16, 2020, <u>see</u>, the Certificate of Service to the Order of Discharge, attached as Exhibit <u>D</u>.

10.      Plaintiff's bankruptcy is a matter of public record, is on her credit reports, is in Credit Acceptance Corp.'s file, and was readily discoverable by any competent debt collector via one of the bankruptcy "scrub" services.

11.      Nonetheless, on February 7, 2022, Defendant filed a complaint against Ms. Dupree in a matter styled, <u>Credit Acceptance Corp. v. Marilyn Dupree</u>, Case No. 2022-M6-000965, Cook County, Illinois (the State Court Lawsuit"). A copy of this complaint is attached as Exhibit <u>E</u>.

12.      On March 17, 2024, Ms. Dupree was served with an Alias Summons for the State Court Lawsuit. Accordingly, on March 18, 2024, Ms. Dupree called Defendant Shindler's office, to inform Defendant that the debt it was attempting to collect was for an auto loan that had been discharged in her bankruptcy.

13.      During Ms. Dupree's phone conversation with an individual at Defendant's office, that individual reviewed the file on the debt at issue and discovered that the social security number did not match that of Ms. Dupree. Ms. Dupree explained that she did not know the basis for that social security number but that the auto loan debt was hers and it had been discharged in bankruptcy. That individual then told Ms. Dupree they would look into it further and get back to her.

14.      Over a month later, as a result of no response from Defendant, Ms.

3

Dupree had to take her time, effort and the expense (a $250 appearance fee), to file an appearance in the State Court Lawsuit so that she would not suffer a judgment against her.

15.     Ms. Dupree also had to take the time, effort and expense to obtain an attorney, through a pre-paid legal service to which she subscribes, to help with the collection lawsuit. Accordingly, her attorney then sent an email to Defendant on May 2, 2024, confirming that Ms. Dupree had filed for bankruptcy and the auto loan it was attempting to collect from her had been included and discharged in her bankruptcy. A copy of Ms. Dupree's attorney's email letter is attached as Exhibit F. A copy of the bankruptcy discharge was attached to that email.

15.     Defendant failed to respond and failed to dismiss the lawsuit. Accordingly, on July 31, 2024, Ms. Dupree had to expend more time and effort to hire another attorney, to file an appearance on her behalf in that lawsuit and file a motion to dismiss based on the fact that the debt at issue had been discharged in her bankruptcy and that she provided the discharge notice to Defendant on two separate occasions.  A copy of this motion to dismiss is attached as Exhibit G.

16.     In enacting the FDCPA, Congress expressly set forth that the statute was intended to prevent "abusive practices":

> There is abundant evidence of the use of abusive, **deceptive**, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

See, 15 U.S.C. §1692(a)(Abusive Practices)(emphasis added).

17.     To achieve those ends, §1692c of the FDCPA limits the manner in which debt collectors may communicate with consumers; specifically, § 1692c(c) of the

FDCPA prohibits a debt collector from communicating with a consumer and demanding payment of a debt that a consumer has refused to pay, see, 15 U.S.C. § 1692(c)(c), for example, by filing for bankruptcy protection.

18.     Moreover, to eliminate deceptive collection practices, § 1692e of the FDCPA prohibits the use of false and/or deceptive or misleading statements in connection with the collection of a debt, see, 15 U.S.C. § 1692e. Section 1692e of the FDCPA is rooted in the basic common law principle of fraud; for example, a debt collector may not claim that a debt, which has been discharged in bankruptcy, is still owed.

19.     Ms. Dupree had been informed by counsel and believed that she had the right to refuse to pay this debt, to demand that collection communications cease, and a right to privacy. Defendant's continued collection communications, after she had filed for bankruptcy and had her debts discharged, made Plaintiff believe that her exercise of her rights, through filing bankruptcy may have been futile and that she did not have the right to a fresh start that Congress had granted her under the Bankruptcy Code, as well as her rights under the FDCPA. Defendant's collection actions intruded upon Ms. Dupree's seclusion and resulted in a direct invasion of Ms. Dupree's legally-protected right to be left alone, her right to privacy, and her right to collection communications that were not false, deceptive or misleading – rights granted to consumers under the FDCPA.

20.     Defendant's actions caused Plaintiff to question whether her counsel had done their job, whether this debt was actually discharged in her bankruptcy, and whether she had the right to be left alone – all of which impaired Ms. Dupree the ability to obtain credit, caused her sleeplessness, irritability, excessive worry and intrusive

thoughts, depression, anxiety, indigestion, and at the very least, several hours per week searching online for why this happened and how this could possibly be resolved.

21.     Moreover, Defendant's collection actions cost her time, effort, and/or expense to try and stop it, see, Mack v. Resurgent Capital Services, 70 F.4th 395, 406-407 (7th Cir, 2023) and Walters v. Fast AC, LLC, 60 F.4th 642, 649 (11th Cir. 2023).

22.     Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

## COUNT I
### Violation Of § 1692e Of The FDCPA --
### Attempting To Collect A Debt That Is No Longer Owed

23.     Plaintiff adopts and realleges ¶¶ 1-22.

24.     Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A), as well as prohibiting taking an action that cannot be legally taken, see, 15 U.S.C. § 1692e(5).

25.     Attempting to collect a debt that is no longer owed, due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA, see, e.g., Randolph v. IMBS, Inc., 368 F.3d 726, 728-730 (7th Cir. 2004).

26.     Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Collections

27.     Plaintiff adopts and realleges ¶¶ 1-22.

28.     Section 1692c(c) of the FDCPA prohibits a debt collector from

from continuing to try to collect a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

29.     Here, the bankruptcy and the notices issued by that court to Credit Acceptance Corp., the telephone call from Ms. Dupree and the email from her lawyer all gave notice to Shindler to cease collections. By continuing the lawsuit against Ms. Dupree, despite the discharge of this debt in bankruptcy, Defendant violated § 1692c(c) of the FDCPA.

30.     Defendant's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT III
## Violation Of § 1692d Of The FDCPA –
## Abusive Collection Actions

31.     Plaintiff adopts and realleges ¶¶ 1-22.

32.     Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct, the natural consequence of which is to harass, oppress or abuse any person in connections with the collection of a debt, see, 15 U.S.C. § 1692d.

33.     Attempting to collect a debt that has been discharged in a bankruptcy, by continuing the lawsuit against her, is conduct, the natural consequence of which harassed, oppressed and abused Plaintiff, in violation of § 1692d of the FDCPA.

34.     Defendant's violation of § 1692d of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Marilyn Dupree, prays that this Court:

1.     Find that Defendant's collection actions violate the FDCPA;

7

2.      Enter judgment in favor of Plaintiff, and against Defendant, for actual and

statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of

the FDCPA; and,

3.      Grant such further relief as deemed just.

### JURY DEMAND

Plaintiff, Marilyn Dupree, demands trial by jury.

Marilyn Dupree,

By: s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: August 8, 2024

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com